## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Crim. No.  02-20041-01-KHV |
| **v.** ) | |
| ) | Civil No. 05-3432-KHV |
| **COREY R. COOK,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582 (Doc. #31) filed November 10, 2005. For reasons stated below, defendant's motion is overruled.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant attempts to invoke 18 U.S.C. § 3582, but that statute does not provide relief beyond the three limited circumstances described above. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize

a substantive modification of defendant's sentence at this time.  See id.; Fed. R. Crim. P. 35 (authorizes resentencing (a) to correct illegal sentence on remand from a court of appeals; (b) to reflect defendant's substantial assistance on motion of the government; and (c) to correct arithmetical, technical, or other clear error within seven days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to modify defendant's sentence at this time.

Liberally construed, defendant's motion also seeks relief under 28 U.S.C. § 2255.  Under that statute, however, defendant's petition is untimely.  Section 2255 provides a one-year period of limitation for motions brought under that section.  28 U.S.C. § 2255.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Because defendant did not file a direct appeal, his conviction was final on November 12, 2002 – ten days after judgment was entered.  Accordingly, his motion filed on November 10, 2005 is not timely under subsection (1).  No other subsections of Section 2255 permit defendant to raise his claim at this time.  To the extent that defendant seeks relief under Blakely v. Washington, 542 U.S. 296 (2004) and United States

v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005), the Tenth Circuit has held that neither decision announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. United States v. Dillon, 2005 WL 2858029, at *2 (10th Cir. Nov. 1, 2005); United States v. Van Kirk, 139 Fed. Appx. 999, 1000 (10th Cir. July 22, 2005); see United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. June 16, 2005) (Booker does not apply retroactively to initial habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to convictions already final as of June 24, 2004); see also United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (Apprendi v. New Jersey, 530 U.S. 466 (2000), not watershed decision and hence not retroactively applicable to initial habeas petitions). Accordingly, a defendant whose conviction was final when the Supreme Court decided Blakely on June 24, 2004 cannot obtain relief based on that decision under Section 2255. Because defendant's conviction was final on November 12, 2002, he cannot obtain relief under 28 U.S.C. § 2255.[1]

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing or response by the government is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582 (Doc. #31) filed November 10, 2005 be and hereby is **OVERRULED**.

---

[1] Defendant does not allege that his counsel was ineffective for failing to anticipate Blakely. In any event, the Tenth Circuit has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004); Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992); see also United States v. Carew, 140 Fed. Appx. 15, 18 (10th Cir. June 29, 2005) (counsel's failure to predict Booker's constitutional and remedial holdings not objectively unreasonable).

Dated this 16th day of November, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge